IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WILLIE J. GRIFFIN, JR.,** | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No.   11-cv-110-JPG-PMF |
| | ) |
| **W. LEHMAN, et al.,** | ) |
|       **Defendants.** | ) |
| | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is defendant Mrs. Auterson's motion for summary judgment (Doc. No. 57). Plaintiff Willie J. Griffin, Jr. is proceeding on a civil rights claim against Auterson, alleging that she violated his procedural due process rights in connection with prison disciplinary proceedings. Auterson, a disciplinary hearing officer (DHO), seeks judgment in her favor, raising three issues: failure to exhaust administrative remedies, qualified immunity, and satisfaction of the "some evidence" standard. The motion is opposed (Doc. No. 61).[1]

### I.    Relevant Background

On December 18, 2010, April Kay and Quatasha Waddell arrived at the federal prison camp in Marion, Illinois, intending to visit with plaintiff Willie Griffin, an inmate at the camp. Words were exchanged regarding Griffin's effort to add Kay and Waddell's names to his list of approved visitors. As a result, Griffin was issued two incident reports. The first report charged Griffin with seven disciplinary rule violations: interfering with staff, being in an unauthorized area with a person of the opposite sex without staff permission, being in an unauthorized area, participating in an unauthorized gathering, unauthorized contact with the public, refusing to obey

---

[1] A reply (Doc. No. 62) does not satisfy the "exceptional circumstances" requirement of Local Rule 7.1(c) and is not considered.

an order, and insolence. The second incident report appears to be a revision of the first report – it charged Griffin with four rule violations: interfering with staff member in the performance of duties (code 398), being in an unauthorized area with a person of the opposite sex without staff permission (code 221), refusing to obey an order (code 307), and insolence toward a staff member (code 312). Both incident reports were delivered to Griffin the following day. Lieutenant J. Bryan performed an investigation, which was completed on December 22, 2010.

On December 28, 2010, members of a unit disciplinary committee referred the revised incident report to the DHO for further consideration.

A hearing was held before defendant Auterson on January 7, 2011. Auterson formed the impression that Griffin requested review of a video from the prison camp's visiting room. Following the hearing, Auterson asked Jesse G. Mash to review the video. Mash reviewed the video and submitted a report to Auterson.

Griffin filed this litigation on February 8, 2011.

On April 1, 2011, Auterson completed a written report, finding that Griffin had violated three disciplinary rules (codes 221, 307, and 312) but that he was not guilty of violating code 398. Sanctions were imposed, including disallowance of good conduct time.

On April 24, 2011, Griffin sought leave to amend in order to add Mrs. Auterson as a defendant. On April 29, 2011, Griffin was transferred to FCI-Yazoo City, Mississippi. His motion for leave to amend was granted, and the amended complaint was filed on May 18, 2011.

After several unsuccessful efforts, Griffin appealed Auterson's decision via administrative remedy No. 636553-R4. The appeal was received on July 6, 2011 and was reviewed by Lee Green. Green determined that one of the violations for which Griffin was sanctioned (code 221) was not supported. On October 11, 2011, Green remanded the case to the DHO at Griffin's current institution – FCI-Yazoo City – for a rehearing. Griffin was so notified.

On October 26, 2011, DHO Truex determined that Griffin violated two disciplinary rules (code 312 and 307). That decision was also appealed by Griffin. On December 19, 2011, Lee Green reviewed the appeal and decided that the case would be remanded for another rehearing. Griffin was so notified on December 27, 2011. Rather than rehear the charges, the staff at FCI-Yazoo City elected to expunge the entire incident report.

## II.     Exhaustion of Administrative Remedies

Auterson argues that Griffin failed to exhaust his available administrative remedies prior to filing his complaint. Griffin responds that he was not obligated to take a further appeal to the Bureau of Prisons' central office because additional review was unnecessary or futile in light of two administrative remands at the regional level and one expungement at the institutional level. The exhaustion defense is considered before the merits may be addressed. *Pavey v. Conley*, 544 F.3d 739, 741 (7th Cir. 2008).

Griffin's claim against DHO Auterson is subject to the Prison Litigation Reform Act, which provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Court of Appeals requires strict compliance with the statute. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Exhaustion means the prisoner has abided by the procedures for pursing relief. That is, he must file complaints and appeals "in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Failure to exhaust administrative remedies is an affirmative defense; the defendant bears the burden of proof. *Obriecht v. Raemisch*, 517 F.3d 489, 492 (7th Cir. 2008).

Appeals of DHO decisions are evaluated through the Bureau of Prisons' administrative remedy process.  Typically, that process involves completion of a BP-9 form (for the institution response), a BP-10 form (for review by the regional office) and a BP-12 form (for the final appeal to the central office/national appeals administrator).

The chronology outlined above reveals that Griffin did not give the administrative remedy process a chance to work before he added Auterson to this litigation by proposing and filing his Amended Complaint.  In these particular circumstances, the only reasonable conclusion is that Griffin initiated this litigation long before he obtained a decision on his regional administrative appeal in No. 636553-R4.  *See Ford v. Johnson*, 362 F.3d 395, 398-400 (7th Cir. 2004)(administrative remedies have not been exhausted unless the inmate has given the process a chance to work and followed through with appeals).

Because Griffin did not exhaust his administrative remedies before he initiated his litigation against Auterson, the remaining issues (qualified immunity and satisfaction of the "some evidence" standard) are not reached.

### III.   Conclusion

IT IS RECOMMENDED that defendant Auterson's motion for summary judgment (Doc. No. 57) be GRANTED as follows.  This action should be dismissed without prejudice for Griffin's failure to exhaust administrative remedies before adding Auterson as a defendant in this litigation.

**SUBMITTED:**   April 4, 2013.

    s/Philip M. Frazier
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**