UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIE J. GRIFFIN, JR.,

   Plaintiff,

  v.           Case No. 11-cv-110-JPG-PMF

W. LEHMAN, *et al.*,

   Defendants.

**<u>MEMORANDUM AND ORDER</u>**

  This matter comes before the Court on plaintiff Willie J. Griffin, Jr.'s objection (Doc. 77) to the Report and Recommendation ("Report") (Doc. 72) of Magistrate Judge Philip M. Frazier recommending that the Court grant the motion for summary judgment filed by defendant Mrs. Auterson (Doc. 57) on the grounds that Griffin failed to exhaust administrative remedies. When Magistrate Judge Frazier issued the Report on April 4, 2013, he informed the parties that they had 14 days after service of the Report to file written objections to the Report (Doc. 72-1). On May 10, 2013, having waited 36 days after Magistrate Judge Frazier issued the Report and having received no objection, the Court adopted the Report in its entirety, granted Auterson's motion for summary judgment, and dismissed Griffin's claims against Auterson without prejudice for failure to exhaust administrative remedies.

  The same day the Court disposed of Griffin's claims against Auterson and entered final judgment in this case, it received and docketed Griffin's objections. Griffin's objection is dated May 6, 2013, so even if he were entitled to the mailbox rule of *Houston v. Lack*, 487 U.S. 266, 276 (1988), the objection was 14 days late. Griffin states his objection was late because of his "transit status," which caused him to receive the Report late.

  A party's failure to file objections ordinarily waives those objections. *Video Views, Inc. v.*

*Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).  A party who files objections late may waive

those objections.  In deciding whether the objections are waived, the Court should consider

whether they were egregiously late and whether the delay prejudiced the opposing party in any

way.  *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994).

The Court believes 14 days beyond the deadline for filing objections could be considered

egregiously late.  Furthermore, although Griffin mentions "transit status," he has not explained

the details of any transit he may have participated in; he has not notified the Court of any change

of address since his last move in or around September 2012.  Nevertheless, the Court believes the

defendants will suffer no prejudice from considering Griffin's filing.  However, the Court

believes it more appropriate to construe Griffin's late objection as a motion to alter or amend

judgment under Federal Rule of Civil Procedure 59(e).

Under Rule 59(e), a court has the opportunity to consider newly discovered material

evidence or intervening changes in the controlling law or to correct its own manifest errors of law

or fact to avoid unnecessary appellate procedures.  *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th

Cir. 1996); *see Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006).  It "does not

provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a

party to introduce new evidence or advance arguments that could and should have been presented

to the district court prior to the judgment."  *Moro*, 91 F.3d at 876.  Rule 59(e) relief is only

available if the movant clearly establishes one of the foregoing grounds for relief.  *Harrington*,

433 F.3d at 546 (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir.

2001)).

In his objection, Griffin merely adopts his response to Mrs. Auterson's summary judgment

motion (Doc. 61).  Even considering that document, the Court finds that the Report's conclusion

was correct for the reasons stated therein and that amending the judgment is not appropriate.  The

evidence clearly shows Griffin sought to add Auterson to this lawsuit on April 24, 2011, for her

disciplinary hearing decision a few weeks earlier (Doc. 13).  The Court allowed his amended

complaint adding Auterson to be docketed on May 18, 2011 (Doc. 17).  This was all well before

Griffin's July 6, 2011, Regional Administrative Remedy Appeal of Auterson's decision.  Thus, he

filed this lawsuit before exhausting available administrative remedies in violation of 42 U.S.C.

§ 1997e(a).

      For this reason, the Court **DENIES** Griffin's Rule 59(e) motion (Doc. 77).

**IT IS SO ORDERED.**
**DATED: May 22, 2013**

                           s/ J. Phil Gilbert
                           **J. PHIL GILBERT**
                           **DISTRICT JUDGE**